# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DIRECT SUPPLY INC.,

          Plaintiff,

v.

SYRACUSE ASSISTED LIVING PHASE I LLC, *doing business as* RAINTREE SENIOR LIVING,

          Defendant.

Case No. 18-CV-364-JPS

**ORDER**

Plaintiff asserts a breach of contract action against Defendant. (Docket #1). On April 10, 2018, Plaintiff requested entry of default against Defendant. (Docket #5). The Clerk of Court entered default that day. On April 12, 2018, Plaintiff moved for default judgment. (Docket #7). No response to the motion has been received, and the time in which to do so has expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiff of the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793

(7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff claims the following items of damages:

1) The balance of the contract price of $110,841.80; and

2) Interest as provided by Wisconsin law of $11,546.00.

*See* (Docket #9 at 2). These figures total $122,387.80.

Here, the claimed amounts are easily capable of ascertainment from the allegations of the Complaint and the affidavits and exhibits accompanying Plaintiff's motion. This information demonstrates that Defendant breached its agreement with Plaintiff and owes both the balance of the contract price and interest as provided by Wisconsin law. Thus, the Court having determined "that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint," by its entry of default, and that Plaintiff's claimed amounts are reasonably certain and well-supported, the Court will now grant Plaintiff's requested default judgment and award it the requested amounts for those items. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #7) be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiff the total sum of $122,387.80 together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge